## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Kwame A. Asskia,

               Plaintiff,

v.                                Case No. 1:21-cv-2567-MLB

Joe Nelson, et al.,

               Defendants.

_____/

## **OPINION & ORDER**

On June 24, 2021, pro se Plaintiff Kwame A. Asskia filed a complaint against Defendants Joe Nelson, Delores Harris, John Taylor, Evereth Stanton, Carey Wright, Rosemary Aultman, Clarksdale Municipal School District School Board, and West Bolivar Consolidated School District Board. (Dkt. 1.) On July 21, 2021, Plaintiff filed an "Order Granting Motion for Default Judgment." (Dkt. 5.) The Court denies that motion. Defendants Harris, Nelson, and Clarksdale Municipal School District School Board ("Clarksdale Defendants") filed a motion to dismiss. (Dkt. 9.) The Court grants in part and denies in part that motion. Defendants Stanton, Taylor, and West Bolivar Consolidated

School District Board ("West Bolivar Defendants") filed a separate motion to dismiss. (Dkt. 10.) The Court grants that motion. Plaintiff filed a motion for clerk's entry of default. (Dkt. 11.) The Court denies that motion.

## I.    Background

On June 24, 2021, Plaintiff filed a complaint against Defendants. (Dkt. 1.) On June 28, 2021, Plaintiff filed proofs of service as to Defendants Nelson, Harris, Taylor, Stanton, Wright, and Aultman. (Dkt. 4.) On July 21, 2021, Plaintiff filed an "Order Granting Motion for Default Judgment." (Dkt. 5.) The Clarksdale Defendants and West Bolivar Defendants filed motions to dismiss, or alternatively motions for more definite statements, pursuant to Rules 12(b)(1), (2), (3), (4), (5), (6), and 12(e). (Dkts. 9; 10.) On August 2, 2021, Plaintiff filed a motion for clerk's entry of default. (Dkt. 11.) On August 24, 2021, Plaintiff filed an amendment to his motion for default judgment. (Dkt. 17.)

## II.   Motions for Default Judgment and Default

Plaintiff filed, what the Court construes to be, motions for default judgment and for clerk's entry of default. (Dkts. 5; 11.) "Under Rule 55 of the Federal Rules of Civil Procedure, there is a two-step procedure for

obtaining a default judgment." *Bonny v. Benchmark Brands, Inc.*, No. 1:16-cv-3150, 2017 WL 1216926, at *1 (N.D. Ga. Mar. 10, 2017) (internal quotations omitted).  First, "the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." *Am. Auto. Ass'n, Inc. v. AAA Auto Sales, LLC*, No. 1:16-CV-01159, 2016 WL 10957245, at *1 (N.D. Ga. Oct. 20, 2016). The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint seeking affirmative relief.  Fed. R. Civ. P. 55(a).  If, however, the plaintiff has failed to properly serve the defendant with process, the plaintiff is not entitled to the entry of a default despite the defendant's failure to timely respond.  *See Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default by the Clerk is not appropriate against Defendant." (internal citation omitted)); 10A Wright & Miller, *Federal Practice & Procedure* §

2682 (4th ed. 2020) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." (footnote omitted)).  When seeking a default, the plaintiff bears the burden of establishing proper service of process.  *Onpower*, 2016 WL 9049315, at *1.

Plaintiff claims he served Defendants Nelson, Harris, Taylor, Stanton, Wright, and Aultman by mailing the summons and complaint via "U.S. Mail/Next Day Exp. Mail."[1]  (Dkt. 4.)  Under the Federal Rules of Civil Procedure, an individual may be served by (1) following state law in the state where the district court is located or where service is made; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4)

---

[1] There are no proofs of service for Defendants Clarksdale Municipal School District School Board or West Bolivar Consolidated School District Board.  The Court thus denies Plaintiff's motions as to these Defendants.  *See Jerome v. Barcelo Crestline, Inc.*, No. 1:07-cv-0447, 2007 WL 4224782, at *2–3 (N.D. Ga. Nov. 27, 2007) (denying motion for entry of default when the plaintiff failed to provide proof of service).

"delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). The federal rules thus do not authorize service by mail in the manner done here. *Skeete v. Moon*, No. 5:08-CV-326, 2009 WL 2611317, at *4 (M.D. Ga. Aug. 20, 2009).

"Mailing a summons and complaint is [also] not an appropriate method to serve an individual in Georgia." *See Ferguson v. Maryland*, No. 1:11-cv-3861, 2012 WL 12835875, at *4 (N.D. Ga. Aug. 6, 2012). That leaves Mississippi law. It provides that "service upon an individual is permitted by process server, sheriff, or mail, depending upon the category of the person to be served." *Tarver v. Mims*, No. 3:19cv21, 2020 WL 1238170, at *3 (N.D. Miss. Mar. 13, 2020). But, with respect to service by mail,

> [a] summons and complaint may be served upon a defendant . . . by mailing a copy of the summons and of the complaint (by first-claim mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.

Miss. R. Civ. P. 4(c)(3)(A). "The defendant, either individually or through its agent, must then return the acknowledgment to the plaintiff." *Tucker v. Williams*, 7 S0.3d 961, 966 (Miss. Ct. App. 2009). If the person does

not return the acknowledgment within twenty days "service of such summons and complaint may be made in any other manner permitted by [Rule 4]." Miss. R. Civ. P. 4(c)(3)(B). "The implication is clear. If an allegedly served defendant does not return an acknowledgment of service by mail, the plaintiff *must* serve the defendant by some other means. Accordingly, without the acknowledgment, service is incomplete." *Tucker*, 7 So.3d at 966 (emphasis added). There is no indication any Defendant returned an acknowledgment or that Plaintiff served Defendants by other means.

Plaintiff did not serve Defendants in a manner that satisfied Georgia law (the state where this Court is located), Mississippi law (the state where service was attempted),[2] or the Federal Rules. He thus failed to effect service of process in any manner prescribed in Rule 4(e). Without proof of proper service, the Court lacks jurisdiction over Defendants and cannot enter default or default judgment against Defendants. *See United States v. Varmado*, 342 F. App'x 437, 438 (11th Cir. 2009) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."); 10A Wright

---

[2] Plaintiff sent the summons and complaints to Mississippi. (Dkt. 4.)

& Miller, *Federal Practice & Procedure* § 2682 (4th ed. 2020) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). The Court denies Plaintiff's motions.[3]

## III.  Motion to Dismiss

### A.  Insufficient Service of Process

Both the Clarksdale Defendants and West Bolivar Defendants move to dismiss for insufficient service of process. (Dkts. 9 at 7–9; 10 at 7–8.) Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may bring a motion to dismiss for insufficient service of

---

[3] In general, entry of default is within the purview of the clerk, as explicitly contemplated by Federal Rule of Civil Procedure 55(a). *See* Fed. R. Civ. P. 55(a) (directing the "clerk" to enter a default when a party "fail[s] to plead or otherwise defend, and that failure is shown by affidavit or otherwise"). That said, "courts and commentators alike have held that a <u>court</u> also may enter a party's default." *See Wilson v. Kelly*, No. 1:18-CV-5014, 2019 WL 5485126, at *1–2 (N.D. Ga. Apr. 10, 2019) (quoting *FHL, Inc. v. Walker*, No. 2:13 CV 555, 2016 WL 868225, at *2 (M.D. Ala. Mar. 7, 2016)); *see also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, . . . a district judge also possesses the inherent power to enter a default."); *Fisher v. Taylor*, 1 F.R.D. 448, 448 (E.D. Tenn. 1940) ("[T]he court has [the] power to enter an order of default and Rule 55 is not a limitation thereof."); 10A Wright & Miller, *Federal Practice & Procedure* § 2682 (4th ed. 2021) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.").

process.  Fed. R. Civ. P. 12(b)(5).  The burden is on the plaintiff to establish the validity of service.  *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (per curiam) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981))).[4]  "A defendant's actual notice is not sufficient to cure defectively executed service."  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

The Clarksdale Defendants move to dismiss for insufficient service as to Defendants Nelson and Harris.[5]  (Dkt. 9 at 7–9.)  The Court agrees

---

[4] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[5] The Clarksdale Defendants generally argue "[s]ervice has not been perfected."  (Dkt. 9 at 7.)  But their argument solely focuses individual service of process on Defendants Nelson and Harris.  The Clarkdale Defendants do not connect service on Defendants Nelson and Harris to service, or lack of service, on Defendant Clarksdale Municipal School District School Board—an entity, not an individual.  Because the Clarksdale Defendants make no specific insufficient service argument about Defendant Clarksdale Municipal School District School Board, the Court does not consider this argument applicable to that defendant.

service on these Defendants was insufficient, as explained above.  When

a plaintiff fails to properly serve a defendant within the 90-day period,

> the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against
> that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the
> failure, the court must extend the time for service for an
> appropriate period.

Fed. R. Civ. P. 4(m).  "Good cause exists only when some outside factor,

such as reliance on faulty advice, rather than inadvertence or negligence,

prevented service." *Idumwonyi v. Convergys*, 611 F. App'x 667, 667 (11th

Cir. 2015) (per curiam) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*,

476 F.3d 1277, 1281 (11th Cir. 2007)).  The plaintiff bears the burden of

proving valid service or good cause for failure to effect timely service.

*Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga.

2009).  Plaintiff has not responded to the motions to dismiss—let alone

shown good cause.

Absent a showing of good cause, a district court has the discretion

to extend the time for service of process.  *See* Fed. R. Civ. P. 4(m);

*Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

In the exercise of that discretion, district courts must consider whether

any factors would warrant a permissive extension of time.

*Lepone-Dempsey*, 476 F.3d at 1282.  The Advisory Committee Note to Rule 4(m) gives guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause: "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.  "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey*, 476 F.3d at 1282.

The Court concludes, based on the whole record, no such circumstances warrant an extension.  First, Plaintiff failed to respond to the motions to dismiss.  Second, Plaintiff has been on notice since the filing of the motions to dismiss on July 22 and 29, 2021, of the deficiencies with service and he has not corrected them. (Dkts. 9; 10.) Third, Plaintiff did not request more time to perfect service.  Fourth, there is no indication the Clarksdale Defendants or West Bolivar Defendants

intentionally evaded service.   The Court thus grants the motion to dismiss as to Defendants Nelson and Harris.

The West Bolivar Defendants move to dismiss for insufficient service as to all West Bolivar Defendants.   (Dkt. 10 at 7–8.)   As to Defendants Taylor and Stanton, for the reasons outlined above, the Court agrees service was insufficient and the Court will not extend the time for service.   As to Defendant West Bolivar Consolidated School District Board, the West Bolivar Defendants argue because service on Defendants Taylor and Stanton was insufficient, service on Defendant West Bolivar Consolidated School District Board is insufficient.   (*Id.* at 7.)   The Court agrees.   As a school district, Defendant West Bolivar Consolidated School District Board constitutes a political subdivision.   *See* Miss. Code Ann. § 37-6-5 (Rev. 2013).   Mississippi Rule of Civil Procedure 4(d)(8) establishes that service of process should be made on such a governmental entity

> by delivering a copy of the summons and complaint to the person, officer, group[,] or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the "group" or "body" responsible for the administration of the entity shall be sufficient.

Miss. R. Civ. P. 4(d)(8).  Under O.C.G.A. § 9-11-4(e),

> [e]xcept for cases in which the defendant has waived service, the summons and complaint shall be served together. The plaintiff shall furnish the clerk of the court with such copies as are necessary. Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: . . . (5) If against a county, municipality, city, or town, to the chairman of the board of commissioners, president of the council of trustees, mayor[,] or city manager of the city, or to an agent authorized by appointment to receive service of process. If against any other public body or organization subject to an action, to the chief executive officer or clerk thereof.

OCGA § 9-11-4(e). Even if service on Defendant Taylor or Defendant Stanton meets these statutory requirements for service on Defendant West Bolivar Consolidated School District Board, Plaintiff failed to perfect service of process upon them. The Court thus grants the West Bolivar Defendants' motion to dismiss, finding service of process was insufficient. For the reasons outlined above, the Court will not extend the time for service.

## B. Defendant Clarksdale Municipal School District School Board

The Clarksdale Defendants and West Bolivar Defendants also move to dismiss for improper venue, lack of jurisdiction, and failure to state a claim. (Dkts. 9; 10.) Because the Court grants the motions to dismiss as to Defendants Nelson, Harris, Taylor, Stanton, and West Bolivar

12

Consolidated School District Board, the Court will only address these arguments as to Defendant Clarksdale Municipal School District School Board.

The federal venue statute provides that

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A defendant may move to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).  Fed. R. Civ. P. 12(b)(3).  When a defendant does so, the plaintiff must make a prima facie showing of venue.  *See Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988).  In considering a motion to dismiss for improper venue, "[t]he court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside

of the complaint to determine whether venue is proper." *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).  The court must determine whether the case falls within one of the three categories set out in § 1391(b).  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).  If it does, venue is proper; but "if it does not, . . . the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Id.*

The complaint contains no allegations of residency or assertions about where any events or omissions giving rise to the claims took place. The only location referenced in the complaint is Mississippi.  And those references only arise in the proof of service section and the attached exhibits.  (Dkt. 1 at 4, 7–9.)  Plaintiff has not sufficiently established venue under § 1391(b)(1) because he has not identified the judicial district in which Defendant Clarksdale Municipal School District School Board resides.  Further, Plaintiff has not established Defendant Clarksdale Municipal School District School Board resides in this judicial district.  Plaintiff also has not established venue under § 1391(b)(2) as he has not alleged that a substantial part of the events or omissions giving

14

rise to the claims occurred in this judicial district. Plaintiff has thus failed to meet his burden of making a prima facie showing of venue.

Because Plaintiff has not met his burden, the Court must determine whether to dismiss this action or transfer it to another venue. This matter is within the Court's discretion. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). While the interests of justice generally favor transferring a case, the Court will dismiss this case. *See Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009). The complaint fails to allege any facts about a location and thus fails to establish venue in any district. (*See generally* Dkt. 1.) The Court will thus dismiss the case against this defendant rather than transfer it.[6] *See Silver v. Karp*, No. 14-80447, 2014 WL 4248227, at *5 (S.D. Fla. Aug. 27, 2014) ("The Court is not prepared to transfer the case to another district where venue in that district is not affirmatively established in the Complaint.").

---

[6] Because the Court dismisses Defendant Clarksdale Municipal School District School Board for improper venue, the Court will not address the rest of the Clarksdale Defendants' arguments—lack of jurisdiction and failure to state a claim.

## IV.   Defendants Carey Wright and Rosemary Aultman

As discussed above, a plaintiff has ninety days after filing suit to serve a defendant.  Fed. R. Civ. P. 4(m).  Plaintiff filed this action on June 24, 2021, but as discussed above, he has not shown that he has *properly* effected service of process on Defendants Carey Wright and Rosemary Aultman.  The Court thus orders Plaintiff to file proof of *proper* service by January 28, 2022.  Plaintiff is warned that failure to comply with any of the terms of this Order shall result in dismissal of Defendants Carey Wright and Rosemary Aultman for failure to effect service or to follow a lawful order of the Court.

## V.   Conclusion

The Court **DENIES** Plaintiff's Motion for Default Judgment (Dkt. 5) and Motion for Default (Dkt. 11).

The Court **GRANTS** West Bolivar Consolidated School District Board's, John Taylor's, and Evereth Stanton's Motion to Dismiss (Dkt. 10) and **DISMISSES** this action as to these Defendants.

The Court **GRANTS IN PART** and **DENIES IN PART** Clarksdale Municipal School District School Board's, Joe Nelson's, and Delores

16

Harris' Motion to Dismiss (Dkt. 9) and **DISMISSES** this action as to these Defendants.

The Court **ORDERS** Plaintiff to file proof of proper service on the remaining Defendants, Carey Wright and Rosemary Aultman, by January 28, 2022.  The Court **WARNS** that failure to comply will result in dismissal.

**SO ORDERED** this 22nd day of December, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE